**Order entered January 9, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-00778-CV

### D. REGINALD STOVER, JACE HARKEY, ROBERT H. HOLMES, AND THE HOLMES LAW FIRM, INC., Appellants

### V.

### ADM MILLING CO., Appellee

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-13-13400**

## ORDER

It has come to the Court's attention, for the first time on January 7, 2019, by virtue of appellants Robert H. Holmes and The Holmes Law Firm's motion for an extension of time to file their motion for rehearing (motion for extension), that appellant D. Reginald Stover may have filed for bankruptcy. In their motion for extension, Holmes and Holmes Law assert the Court's opinion of December 28, 2018, was issued in violation of the automatic stay and state that the bankruptcy case is styled, "*In re Donald Reginald Stover*, Case No. 18-10078-rlj11, Northern District of Texas, Abilene Division." However, they do not state when the bankruptcy petition was filed. *See* TEX. R. APP. P. 8.1(d). As the Court's opinion in this case reflects, the Court was made aware that Hesed Enterprises L.L.C. had previously filed for bankruptcy, but those

proceedings had been dismissed at the time this Court issued its opinion. Hessed Enters. did not appeal the trial court's judgment and is not a party to this appeal.

The record reflects that the final judgment in this matter was signed by the trial judge on June 13, 2017. Appellants D. Reginald Stover and Jace Harkey filed their notice of appeal on July 5, 2017. Holmes and Holmes Law filed their notice of appeal on July 7, 2017. Further, on September 13, 2018, appellants filed a joint motion requesting additional time to present their oral argument and on October 16, 2018, this Court heard oral argument in this appeal.

This Court is concerned that appellants just now, and notwithstanding Texas Rule of Appellate Procedure 8.1, have represented that a bankruptcy proceeding was filed by Stover long after the notice of appeal was filed and after oral argument and the opinion in this appeal issued. Under the circumstances, we direct appellants to provide information advising as to the following: (1) the date of the filing of Stover's bankruptcy petition and its cause number of same; (2) the current status of Stover's alleged bankruptcy proceeding; (3) whether the automatic stay has been lifted or whether any interested party has so requested; (4) how the bankruptcy protections, if applicable to Stover, also apply to the other appellants and why this appeal may not proceed as to the other appellants unless the automatic stay has been lifted or modified with citation to relevant authority; and (5) how Stover's alleged bankruptcy proceeding "voids" this Court's opinion in this appeal as suggested in the motion for extension with citation to relevant authority to support that contention. *See* TEX. R. APP. P. 8.3.

Accordingly, the Court **ORDERS** appellants to file a notice of bankruptcy, if any such proceeding has been filed, in compliance with Texas Rule of Appellate Procedure 8.1 on or before 5:00 p.m. January 18, 2019.

This Court further **ORDERS** all parties in this appeal to provide a status update as to the bankruptcy proceedings, if they exist, by January 25, 2019.

/s/     DAVID J. SCHENCK
JUSTICE